IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN EATMON,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>JAMES A. YATES, Warden,<br><br>　　　　Respondent. | No. C 09-0079 JSW (PR)<br><br>**ORDER TO SHOW CAUSE AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket No. 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. This Court previously ordered Petitioner to make an election regarding his petition which contained both exhausted and unexhausted claims. Petitioner has elected to dismiss the unexhausted claim in the petition, claim number 3. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of burglary and habitual criminal and prior prison term enhancements in Contra Costa County Superior Court. The trial court sentenced him on July 28, 2006, to a term of 20 years in state prison. Petitioner's appeal to the California Court of Appeal was denied in 2006 and his petition for review to the California Supreme Court was denied in 2007. Petitioner filed the instant federal habeas petition in this Court on January 8, 2009.

**DISCUSSION**

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The petition raises the following ground for relief: 1) the trial court's finding that Petitioner's burglary was of an occupied dwelling under Cal. Pen. Code § 667.5(c)(21) violated Petitioner's constitutional rights, and (2) the jury instructions given by the trial court violated Petitioner's rights. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond

2

to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

    4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    The Clerk shall terminate Docket No. 3 as decided by the Court's prior order..

    IT IS SO ORDERED.

DATED: 06/08/09

_____
JEFFREY S. WHITE
United States District Judge